**Entered on Docket
June 30, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: June 30, 2008**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                                    No. 05-41989
                                         Chapter 7
ACCRA COMMUNICATIONS
GROUP, INC.

            Debtor.
_____/
LOIS I. BRADY, Trustee,                  A.P. No. 07-4051

            Plaintiff,

     vs.

SOUTHERN ELECTRIC SUPPLY
COMPANY, INC.,

            Defendant.
_____/
```

**MEMORANDUM OF DECISION**

In the above-captioned adversary proceeding, Chapter 7 trustee Lois Brady ("Plaintiff") filed a Motion to Compel Discovery because counsel for Defendant Southern Electric Supply Company, Inc. ("Defendant") had been unresponsive to Plaintiff's discovery requests for approximately four months. Defendant's counsel provided discovery one day prior to the hearing on the Motion to Compel and did not appear at the hearing. The Court ordered Defendant to reimburse Plaintiff for the costs of bringing the Motion to Compel.

At Plaintiff's request, the Court issued an Order to Show Cause Re: Failure to Pay Sanctions. Defendant's counsel argues that he should not be required to pay the sanctions that were previously awarded and that further sanctions should not be awarded.

The Court holds that Defendant's counsel must pay the sanctions that were awarded by court order dated January 2, 2008. The Court declines to award further sanctions.

**SUMMARY OF FACTS**

On March 9, 2007, Plaintiff filed an adversary complaint against Rexel Datacom Inc., which was amended to name Southern Electric Supply Co., Inc. as the defendant. The complaint sought recovery of alleged preferential transfers. The matter was set for trial assignment on September 21, 2007, but the parties continued the trial assignment date to January 18, 2008 by stipulation. The discovery cut-off date was December 18, 2007.

Plaintiff's counsel contacted Defendant's counsel on August 8 and August 13, 2007 to make an informal request for discovery. On August 21, 2007, Defendant's counsel responded that he would produce the requested documents soon. The documents were not received, and, on September 25, 2007, Plaintiff's counsel notified Defendant's counsel that she would serve formal discovery requests.

Plaintiff's counsel served requests for production of documents, interrogatories, and requests for admissions on Defendant's counsel on October 8, 2007. Responses were due within 30 days of service, pursuant to Bankruptcy Rules 7033, 7034, and 7036. On November 26

2

and 27, Plaintiff's counsel left messages for Defendant stating that the deadline for production of the requested documents was November 8, 2007 and that no responses had been received. On November 30, 2007, Defendant's counsel informed Plaintiff's counsel that he had been in a car accident and was taking medications, so that the documents could not be produced immediately. However, he promised to produce them in a few days. On December 3, 2007, Plaintiff's counsel sent Defendant's counsel a demand letter requesting responses by December 5, 2007.

On December 7, 2007, Plaintiff filed a Motion for Sanctions or, in the Alternative, Motion to Compel Discovery ("Motion to Compel"). The Motion to Compel was set for hearing on December 20, 2007. Defendant did not produce any documents until December 19, 2007.

On December 20, 2007, Plaintiff's counsel appeared at the hearing on the Motion to Compel. Defendant's counsel did not file any opposition to the Motion to Compel, and he did not appear at the hearing. Plaintiff's counsel informed the Court that documents had been produced the day before the hearing. Thus, an order compelling production would not be needed, only an award of fees. The Court awarded Plaintiff attorney's fees for filing the Motion to Compel. The Court instructed Plaintiff's counsel to give Defendant ten days' notice and opportunity to object to the amount of fees awarded.

On December 21, 2007, Plaintiff filed and served a Notice of Award of Monetary Sanctions in the amount of $1,791.50. Defendant's counsel did not respond to the notice, and the Court entered an Order

Granting Monetary Sanctions on January 2, 2008. A deadline for payment of sanctions was not specified in the Order.[1]

The parties settled the case prior to trial. On February 25, 2008, Plaintiff filed an Amended Application for Order Approving Compromise which stated that Defendant agreed to pay Plaintiff $6,000 "to settle the claims asserted against it by the Trustee." An order granting the application was entered on March 14, 2008.

Defendant paid the compromised amount but failed to pay the fees awarded pursuant to the Motion to Compel. At Plaintiff's request, the Court issued an Order to Show Cause Re: Failure of Debtor [sic] to Comply with Order Granting Monetary Sanctions ("OSC") on April 23, 2008. Defendant's counsel responded in writing to the OSC. At the hearing on June 4, 2008, neither party presented further argument.

**DISCUSSION**

Plaintiff requests payment of the sanctions that were awarded by court order dated January 2, 2008, as well as reimbursement of Plaintiff's attorneys' fees incurred for applying for the OSC.

<u>Discovery sanctions awarded on January 2, 2008</u>

Federal Rule of Civil Procedure 37(a), which is made applicable to adversary proceedings in bankruptcy through Bankruptcy Rule 7037, provides that "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply

---

[1] The Court's docket indicates that sanctions were due on February 1, 2008 – thirty days after the order was entered. In her Motion for Issuance of OSC, Plaintiff's counsel states that February 1 was the due date. However, the docket notation does not have the effect of a court order.

4

for an order compelling disclosure or discovery" if a party fails to respond to an interrogatory submitted under Rule 33, or fails to permit inspection as requested under Rule 34. FRCP 37(a)(2)(B). Rule 37(a)(4) states that:

> [I]f the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require that the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In this case, Defendant responded to Plaintiff's discovery request after the Motion to Compel was filed, so Rule 37(a)(4) requires that the Court order Defendant to compensate Plaintiff for reasonable expenses unless one of the three exceptions applies. The Court finds that no exception applies, so the award of expenses was warranted.

First, Plaintiff's counsel made a good faith effort to obtain discovery prior to filing the Motion to Compel. Plaintiff's counsel contacted Defendant's counsel at least seven times between August 8 and December 3 in an effort to obtain discovery without the Court's involvement. Defendant's counsel affirmatively represented that the discovery would be provided on at least two occasions, but it was not provided. Plaintiff filed the Motion to Compel as a last resort after her informal and formal requests for discovery were unsuccessful.

Second, Defendant's nondisclosure was not substantially justified. Defendant never objected to the content or scope of Plaintiff's discovery requests. Defendant's counsel first informed Plaintiff that there would be some delay in producing discovery on November 30, when he stated that he had been in a car accident and would be unable to produce the documents for a few days.[2] However, Defendant's counsel has presented no reason why he did not provide timely responses to Plaintiff's formal discovery requests, which were due by November 8. Defendant's counsel has presented no substantial justification for his failure to produce any documents to Plaintiff's counsel between mid-August and late November, 2007.

Finally, Defendant has not shown that other circumstances make an award of expenses unjust. Defendant's counsel states that he was ill and unable to work on the date of the hearing on the Motion to Compel. Defendant's counsel subsequently underwent abdominal surgery on December 29, 2007.[3] However, Defendant's counsel was able to prepare discovery and provide it to Plaintiff's counsel on December 19. In addition, Defendant's counsel still has not presented any explanation for his failure to produce discovery before the Motion to Compel was filed.

Plaintiff's counsel followed the instructions given by the Court at the December 20 hearing and provided ten days' notice to Defendant's counsel of the amount of fees she incurred in preparing

---

[2] Defendant's Ex Parte Application for Trial Continuance states that Defendant's car accident occurred during late November.

[3] This date was included in Defendant's Ex Parte Application for Trial Continuance, not the response to the OSC.

6

the Motion to Compel. Defendant's counsel did not object to the amount of fees awarded.

Defendant argues that he should no longer be required to pay sanctions because the parties settled the case for $6,000, and Defendant has fully performed the settlement agreement, which included a release of future claims by the trustee. However, the trustee's claim for discovery sanctions is not a future claim. A court order awarding sanctions to the trustee was entered prior to the parties' settlement agreement. The settlement agreement does not explicitly include the preexisting sanctions award, nor does it excuse Defendant from complying with the Court's order to pay sanctions.

Defendant has not presented any justification for its failure to timely comply with Plaintiff's discovery request. Although the Court is sympathetic to the health problems suffered by Defendant's counsel around the time when sanctions were awarded, Defendant's prior lack of cooperation with the discovery process warrants the Court's previous award of sanctions in the amount of $1,791.50.

<u>Additional Sanctions for Applying for OSC</u>

Federal Rule of Civil Procedure 37 does not provide a basis for imposing further sanctions against a party for failure to pay discovery sanctions; it only provides a basis for awarding sanctions for discovery violations. <u>See</u> <u>New York v. Gleave</u>, 189 F.R.D. 263, 266 (W.D.N.Y. 1999). However, bankruptcy courts have the power to hold parties in civil contempt for violation of a court order, including an order to pay discovery sanctions. <u>See</u>

7

Caldwell v. Unified Capital Corp. (In re Rainbow Magazine), 77 F.3d 278, 284-85 (9th Cir. 1996); see also 11 U.S.C. § 105(a).

In order to hold a party in contempt, the bankruptcy court must find that the party "violated a specific and definite order of the court." Dyer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003). In this case, Defendant's counsel has not yet paid sanctions that the Court ordered him to pay. However, the order was not sufficiently specific and definite because it did not specify when the sanctions were due. For this reason, the Court will not hold Defendant in contempt at this time.

**CONCLUSION**

Discovery sanctions in the amount of $1,791.50, as awarded by court order on January 2, 2008, were warranted. However, the order did not specify when compliance was required, so further sanctions for contempt of court are not appropriate at this time. Defendant will be ordered to pay $1,791.50 in sanctions to Plaintiff within 30 days from entry of the order pursuant to this Memorandum.

END OF DOCUMENT

```
                        COURT SERVICE LIST

Kristina Pollak
Stromsheim and Associates
201 California St. #350
San Francisco, CA 94111

Mark A. Walsh
Walsh and Walsh P.C.
420 Exchange #270
Irvine, CA 92602
```